IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KRYSTAL L. FORSGREN,<br><br>    Plaintiff,<br><br>vs.<br><br>HYDRAULICS INTERNATIONAL, INC.,<br><br><br><br>    Defendant. | MEMORANDUM DECISION AND ORDER ON MOTIONS IN LIMINE RE: OSHA REPORT<br><br><br><br>Case No. 1:06-CV-158 TS |

　　　　Defendant moves to exclude the Occupational Safety and Health Administration (OSHA) investigation report of the incident on the grounds that the report is based on hearsay and its admission would be unduly prejudicial.  Plaintiff argues that the report is admissible under Fed.R.Evid. 803(8), but moves to exclude one of its attachments, the Form 300A.

1

Plaintiff first contends that Defendant waived any objection to the admissibility of the report by not filing a timely objection. Fed.R.Civ.P. 26(a)(3)(B) provides that any objection to the admissibility of materials disclosed pretrial "not so made—except for one under Federal Rule of Evidence 402 or 403—is waived unless excused by the court for good cause." It appears that Defendant waived any objection to the report other than whether it is unduly prejudicial under Fed.R.Evid. 403.[1] However, the Court need not decide the issue on waiver because the Court finds that it is admissible as a report of a federal agency under Fed.R.Evid. 803(8) and Defendant has not shown that it is unduly prejudicial.

As explained by the Supreme Court in *Beech Aircraft Corp. v. Raney*:[2]

Federal Rule of Evidence 803 provides that certain types of hearsay statements are not made excludable by the hearsay rule, whether or not the declarant is available to testify. Rule 803(8) defines the "public records and reports" which are not excludable, as follows:

> "Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, . . . or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness."[3]

The Advisory Committee proposed a nonexclusive list of four factors it thought would be helpful in passing on this question: (1) the timeliness of the investigation; (2) the investigator's skill or experience; (3) whether a hearing

---

[1] Defendant does not claim lack of relevance under Fed.R.Evid. 402.

[2] 488 U.S. 153 (1988).

[3] *Id*. at 161 (quoting Fed.R.Evid. 803(8)).

2

was held; and (4) possible bias when reports are prepared with a view to possible litigation.[4]

We hold, therefore, that portions of investigatory reports otherwise admissible under Rule 803(8)(C) are not inadmissible merely because they state a conclusion or opinion.  As long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement, it should be admissible along with other portions of the report.[5]

The Court finds that the report contains factual findings resulting from OSHA's investigation made pursuant to authority granted by law.  There is no indication that the sources of information or other circumstances indicate a lack of trustworthiness.  As part of his investigation, the investigator reviewed the written witness statements provided by Autoliv.  However, those statements are only a small part of the report.  The report also shows the investigator's personal and detailed on-the-scene investigation on the day of the incident.  The report shows that, on the day of the incident, the investigator arrived at the scene  within nine hours of the accident and within 3-4 hours of it being reported to OSHA.[6] The incident area had been cordoned off and remained so until he finished his inspection. The investigator personally inspected and then documented by video, the incident, including the scene, the debris, the damage, the accumulator parts, and where those parts landed.  He noted what appeared, from his own visual inspection, to be signs of failure around the edge of one piece of the accumulator and measured its diameter. He made a

---

[4] *Id*. at 167 n.11 (citing Advisory Committee's Notes on Fed.Rule Evid. 803(8)) (additional citation omitted).

[5] *Id*. at 175.

[6] According to the report, the incident occurred at 4:00 a.m. and the inspector arrived at the scene about 12:45 p.m.

rough sketch of where the incident occurred. He spoke with Autoliv management personnel about what had happened, but also immediately thereafter drove to the hospital, located Plaintiff, and was so timely that he was the first person to interview her about the incident.[7] Thus, contrary to Defendant's assertions, the investigator did make an independent investigation; his report is far more than merely a "compilation of information derived from Autoliv representatives."[8]

Applying the suggested factors in considering trustworthiness, there is no allegation questioning the investigator's experience or skill. Defendant cites the case *Hines v. Brandon Steel Decks*, *Inc.*,[9] for exclusion of an OSHA report for lack of trustworthiness because the investigator had no first-hand knowledge of the events. However, in *Hines* only portions of the OSHA report were excluded. Those portions stated *legal* opinions and conclusions because the court was not convinced that the investigator had the "necessary expertise in deciding legal issues of agency."[10] Defendant has not pointed to any such problems with the report in this case. The report appears thorough and professional. The investigation was extremely timely. There was no hearing. The report was prepared pursuant to OSHA's own independent responsibilities and not by any party concerned with litigation. Accordingly, the Court finds that the report is trustworthy.

---

[7] Docket No. 61-2, OSHA-31-32.

[8] Def.'s Br. at 2.

[9] 754 F.Supp. 199 (M.D. Ga. 1991).

[10] *Id.* at 200-01.

Defendant also argues that Utah law allows the OSHA report to be admitted under only very narrow circumstances.  Defendant provides no citation for this position and Utah law is to the contrary.  For example, in *State v. Ison*,[11] the Utah Supreme Court cited *Beech Aircraft* and held that "we are accord with the United States Supreme Court jurisprudence relating to [Fed.R.Evid.] 803(8)(C), a rule identical to Utah's."

The Court next considers Defendant's argument that the probative value of the report is substantially outweighed by the risks of prejudice under Fed.R.Evid. 403. Defendant argues the admission of the report would be prejudicial but proffers as prejudice only that the jury might give more weight to evidence in an official report than to all of the same evidence available from other witnesses.  By itself, this argument does not show prejudice outweighing relevance because the same thing can be said of any of the types of governmental agency investigative reports otherwise admissible Rule 803(8).

Unlike the case relied upon by Defendant, *Staley v. Bridgestone/Firestone, Inc.*,[12] Defendant herein has not identified any specific portion the report that would be prejudicial and, therefore, has not shown any basis for redaction.

As to the Form 300A, Plaintiff contends that its inclusion will result in juror confusion because it relates to accidents or incidents other than the incident at issue in the present case. Defendant argues that the information on the form relates to Autoliv's duty to provide a safe workplace. However this case is not about the general safety record at Autoliv's

---

[11] 135 P.3d 864, 869 (Utah 2006).

[12] 106 F.3d 1504, 1513 (10th Cir. 1997).

plant. Instead, it is about the incident, the particular product manufactured by Defendant, and related matters such as Autoliv's installation, handling, use, and maintenance of that product. Therefore, the Court will grant Plaintiff's Motion to Exclude the Form 300A on the grounds of lack of relevance and that any probative value of the statistics on Autoliv's general safety record would be substantially outweighed by the dangers of confusion of the issues or misleading the jury.

It is therefore

ORDERED that Plaintiff's Motion in Limine to Exclude Irrelevant Portions of the OSHA Incident Report (Docket No. 42) is GRANTED.   It is further

ORDERED that Defendant's Motion in Limine to Exclude OSHA Report (Docket No. 56) is DENIED.

DATED   October 2, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge