IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KRYSTAL L. FORSGREN,<br><br>　　Plaintiff,<br><br>vs.<br><br>HYDRAULICS INTERNATIONAL, INC.,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER RESERVING RULING ON DEFENDANT'S MOTION IN LIMINE TO EXCLUDE UNDISCLOSED EXPERT TESTIMONY<br><br><br>Case No. 1:06-CV-158 TS |

　　Defendant moves to exclude undisclosed expert testimony consisting of an in-court examination of and comment on evidence. Defendant contends that this testimony was not timely disclosed. Defendant also contends that it was not disclosed in time to allow the filing of the present motion by the deadline for filing motions in limine.

　　Plaintiff responds that Defendant misunderstands the intended use of exhibits and testimony. Plaintiff contends that under Fed. R.Evid. 703 an expert may base his opinion relying or facts perceived by or made known to the expert at the hearing as well as before the hearing. Plaintiff contends that his expert, Dr. Hoeppner, will attend trial and hear the

testimony establishing facts upon which he will base his testimony.  Among those facts will be information about the accumulators from the Autoliv plant which were not involved in the incident.  Plaintiff intends to introduce those additional accumulators by a fact witness.  That fact witness was disclosed and the other accumulators were disclosed as exhibits.  Plaintiff also contends that the opinions that its expert expects to testify about are within his already disclosed opinions.

The Court does not have the entire expert report.  Defendant has submitted the list of documents reviewed by Dr. Hoeppner and notes that it does not appear to include the additional accumulators.

The Court finds there is sufficient reason to excuse the late-filing of the present motion.  However, the record is not sufficient to rule on the issue at this time. Counsel should be prepared to address it on the morning of the first day of trial.  Among the matters to be addressed are whether Dr. Hoeppner disclosed his intent to testify about opinions to be formed based on facts perceived by or made known to the expert at the hearing and, if not, to what extent it would prejudice Defendant to allow him to do so.

It is therefore

ORDERED that Defendant's Motion in Limine to Exclude Undisclosed Expert Testimony  (Docket No.  58) is RESERVED FOR TRIAL.

DATED   October 2, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge