IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| KRYSTAL FOSGREN,<br><br>Plaintiff,<br><br>vs.<br><br>HYDRAULICS INTERNATIONAL, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ON JUROR LETTER<br><br><br><br>Case No. 1:06-CV-158 TS |

As stated in its October 20, 2009 Order, the Court received two communications from Juror No. 8 following the jury trial. The parties were provided an opportunity to file their positions on the letter and have done so. Neither party seeks an evidentiary hearing on the letter.

In the letter, Juror No. 8 alleges that one morning before trial, as the jurors assembled in the jury room, he or she overheard a brief remark made by one unspecified juror to "several jurors." Juror No. 8 characterizes the remark as "possibility" occurring "either in the course of having a conversation, or while in the process of starting up a conversation." According to Juror No. 8, the one juror referred to a sum that, in Juror No. 8's recollection, was the same as presented in testimony, and then compared the sum to

1

how much they made or someone else made. Then, as several jurors began to enter the conversation, Juror No. 8 immediately interrupted with an admonition that they were not to discuss the evidence.

Later that morning, when the jury was seated, the Court, as is its practice, asked the jurors if there had been any violation of the Court's repeated instructions that, until the end of the case, the jurors were not to read about or talk about the trial to anyone, including fellow jurors. Juror No. 8 did not respond with his or her current allegation of a brief intrajuror remark about a sum that may have been mentioned in testimony.

The Court finds that Juror No. 8 is now alleging juror misconduct in the form of an improper premature intrajuror discussion, but is not alleging bias on the part of any juror. In *United States v. McVeigh*,[1] the Tenth Circuit explained the standard for determining whether an allegation of intrajuror misconduct warrants a hearing:

> Although premature discussions among jurors may prejudice the defendant, intrajury misconduct generally has been regarded as less serious than extraneous influences on the jury. Consequently, an allegation of intrajury misconduct may or may not warrant a hearing.
>
> In determining whether the allegation is sufficiently serious to warrant a hearing, the district court must consider the content of the allegations, including the seriousness and likelihood of the alleged bias, and the credibility of the source. Ultimately, the court must weigh the benefits of having a hearing, including the ability perhaps to ascertain more fully the extent and gravity of the possible prejudice, against the risks inherent in interrupting the trial and possibly placing undue emphasis on the challenged conduct.[2]

---

[1] 153 F.3d 1166 (10th Cir. 1998), holding limited on other grounds, *Hooks v. Ward*, 184 F.3d 1206 (10th Cir. 1999).

[2] *Id*. at 1187 (citations and quotation omitted).

In *McVeigh*, the allegation of the intrajuror communication was made during trial, which raised concerns of interruption of the trial and "placing undue emphasis on the challenged conduct."[3] Those concerns are not present here.

The Court finds that Juror No. 8 should have responded to the Court's direct inquiry on this issue with the information regarding the nature of the brief intrajuror remark as now alleged. However, the Court must nonetheless address the factors necessary to determine whether a hearing is required.

The Court finds that the content of the communication, as alleged, would show only a brief and inconsequential intrajuror communication, in the nature of a brief remark about a sum from the trial testimony compared to how much some other person may have earned. According to the allegations, that brief communication was immediately stopped by Juror No. 8 before it could be responded to by any other juror. The alleged brief intrajury communication is not alleged to have addressed the issue of liability of either the Defendant or the nonparty employer, or whether Plaintiff should be awarded any amount of damages. Therefore, the allegation does not allege premature jury deliberations or conclusions about Plaintiff's claims.

At trial, there was no dispute regarding financial sums presented during testimony, there being stipulations as to such issues as medical bills and lost wages and undisputed testimony regarding expert witness rates. While it would have been a serious matter to have disregarded the instructions not to discuss the evidence until deliberations, the

---

[3] *Id.*

content of the brief and inconsequential alleged communication itself does not show bias or prejudice to a party.

Considering the factor of the credibility of the source of the information, the Court notes that credibility is undermined by Juror No. 8's own admission that he or she did not respond to the Court's direct question on this issue shortly after the remark allegedly occurred.

Weighing the benefits of having a hearing, the Court notes that pursuant to Fed.R.Evid. 606(b), all of the jurors would be prohibited from testifying about the effect, if any, of the alleged intrajuror communication on their own or other jurors' "minds or emotions as influencing [that] juror to assent to or dissent from the verdict or in connection therewith."[4]  Thus, at a hearing, any juror testimony would be limited to the issue of whether the remark occurred as alleged.  The Court finds that, even assuming the allegation to be correct, the brief and inconsequential intrajuror communication alleged does not show bias for or against any party or any premature deliberation on or conclusions about Plaintiff's claims.  Therefore, the Court finds that an evidentiary hearing is not warranted.

---

[4] Fed.R.Evid. 606(b).

Accordingly, the Court will take no further action on the letter.

DATED November 9, 2009.

                                        BY THE COURT:

                                        _____
                                        TED STEWART
                                        United States District Judge